UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust,<br><br>            Plaintiff<br><br>v.<br><br>KAREN J. AKEY,<br><br>            Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:16-cv-00414-JDL<br>)<br>)<br>)<br>)<br>) |

RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR DEFAULT JUDGMENT OF FORECLOSURE AND SALE
RE: PROPERTY AT 10 SOUTH RIDGE DRIVE, STANDISH, MAINE 04084
MORTGAGE: AUGUST 5, 2008, BOOK 26280, PAGE 320

Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for a default judgment on its complaint against defendant Karen J. Akey for foreclosure and sale of property owned by Akey at 10 South Ridge Drive in Standish, Maine ("Standish Property"). *See* Plaintiff's Motion for Default Judgment and Memorandum in Support of Motion for Default Judgment ("Default Judgment Motion") (ECF No. 13); Trial Memo, marked for identification at hearing as Exhibit 9; [Proposed] Judgment of Foreclosure and Sale ("Proposed Judgment"), marked for identification at hearing as Exhibit 10; Complaint (ECF No. 1).[1]

---

[1] As U.S. Bank's counsel acknowledged at hearing, the Proposed Judgment seeks only foreclosure and sale. *See generally* Proposed Judgment. It explicitly states: "This judgment does not seek any personal liability of the Defendant as affected by any bankruptcies filed but only seeks an In Rem Judgment against the property." *Id*. at [2]. The Trial Memo, as well, addressed only U.S. Bank's entitlement to a foreclosure and sale. *See generally* Trial Memo. Although counsel described the Proposed Judgment as an example, meant for informational purposes only, I have assumed that U.S. Bank means to press only its claim for Foreclosure (Count I). *See* Complaint ¶¶ 14-23. Accordingly, as noted

1

## I. Procedural Background

U.S. Bank filed the Complaint on August 15, 2016. *See* Complaint. On August 26, 2016, it filed proof of service of a Summons on Akey, indicating that the Summons had been left at Akey's residence with Ted Tocci, an individual of suitable age and discretion who resided there. *See* ECF No. 8. On October 3, 2016, U.S. Bank filed a motion for the entry of default, *see* ECF No. 9, which the Clerk's Office granted the same day, no answer or responsive pleading having been filed, *see* ECF No. 11. U.S. Bank also filed a motion for a default judgment hearing, *see* ECF No. 10, which I denied without prejudice because U.S. Bank had not accompanied that request with a motion and memorandum for default judgment or supporting evidence, *see* ECF No. 12.

On November 1, 2016, U.S. Bank filed the instant motion for default judgment and request for a hearing to establish damages. *See* Default Judgment Motion. I granted its request for an evidentiary hearing, *see* ECF Nos. 14-15, which was scheduled for December 12, 2016, at 9:00 a.m., *see* Notice and Order dated November 14, 2016 (ECF No. 16). I directed that counsel for U.S. Bank provide a copy of my Notice and Order, together with another copy of the Summons and Complaint, by both certified mail, return receipt requested, and first-class mail to Akey, and by first-class mail to Tocci. *See id*. I further directed that counsel file with the court, no later than December 5, 2016, a certification that those steps had been taken, attaching the return receipt for the Akey correspondence. *See id*.

On December 5, 2016, counsel filed an affidavit of Lisa M. Higgins, a paralegal at counsel's law firm, averring that, on November 30, 2016, she mailed copies of the Notice and Order, as well as the Summons and Complaint, by regular and certified mail to Akey and by regular

---

below, I have recommended that U.S. Bank show cause why its remaining claims, for Breach of Fixed Rate Note (Count II), Breach of Contract, Money Had and Received (Count III), *Quantum Meruit* (Count IV), and Unjust Enrichment (Count V), *see* Complaint ¶¶ 24-54, should not be dismissed.

mail to Tocci. *See* ECF No. 18. She stated that she had not received the return receipt for the certified mailing, but she appended a copy of a USPS tracking verification page indicating that USPS had been unable to deliver the certified mail and had left a notice for the recipient. *See* ECF Nos. 18 & 18-1.

"While a default . . . constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is susceptible of mathematical computation." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003) (citation and internal punctuation omitted). "A hearing may be required . . . to set damages when the amount is in dispute or is not ascertainable from the pleadings." *In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002).

The hearing, as noticed, was duly convened on December 12, 2016. Counsel for U.S. Bank appeared, presented one witness, Maria Curtis of Caliber Home Loans, Inc. ("Caliber"), and offered eight exhibits, all of which were admitted. Akey did not appear. Counsel for U.S. Bank represented that the letters sent to Akey and Tocci by regular mail had not been returned and that, per an inquiry he made of USPS on the morning of December 10, 2016, Akey had made no arrangements as of that time to retrieve the letter sent by certified mail.

## II. Proposed Findings of Fact

1.  On August 5, 2008, Akey executed a Fixed Rate Note ("Note") in favor of Wells Fargo Bank, N.A. ("Wells Fargo"), promising to pay the sum of $252,000.00 to Wells Fargo on a 15-year repayment schedule. *See* Exh. 1. On the same date, she executed a Mortgage in favor of Wells Fargo, mortgaging the Standish Property as security for repayment of the Note. *See* Exh. 2.

3

2. The Note states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." Exh. 1 at 1. Stamped at the bottom of the Note is the following:

> WITHOUT RECOURSE
> PAY TO THE ORDER OF [BLANK]
>
> WELLS FARGO BANK, N.A.
>
> BY <u>Joan M. Mills [signature]</u>
>    Joan M. Mills, Vice President

*Id*. at 3.

3. U.S. Bank is in possession of the original Note, which its counsel presented to me for inspection during the hearing, and which I returned to him. The Note appeared identical to the copy marked as Exhibit 1 and bore an original signature.

4. Wells Fargo initially serviced the Akey loan, but later arranged for Caliber, a home loan servicing company, to do so. *See* Testimony of Maria Curtis ("Curtis Test."). On October 20, 2015, Wells Fargo granted a limited power of attorney to Caliber to undertake certain actions, including executing any documents as might be necessary or appropriate to enable Caliber to carry out loan servicing and administrative duties. *See* Exh. 7. Curtis manages the Akey account for Caliber. *See* Curtis Test. When Caliber began servicing the Akey account, it obtained Wells Fargo's records concerning the loan and integrated them with its own records. *See id*. Curtis also researched the Wells Fargo records to ensure their accuracy. *See id*.

5. By Assignment of Mortgage dated April 5, 2016, Wells Fargo assigned all of its right, title, and interest in and to the Mortgage to U.S. Bank, as Trustee for LSF9 Master Participation Trust. *See* Exh. 3. Approximately a month earlier, on March 2, 2016, U.S. Bank had

granted a limited power of attorney to Caliber to facilitate servicing of certain home loans, including those of LSF9 Master Participation Trust.  *See* Exh. 8.

6.      By letter dated June 21, 2016, Caliber formally notified Akey on behalf of LSF9 Master Participation Trust that Akey had defaulted on the Note and Mortgage by having failed to make any payment since August 2012 and had the right to cure the default by July 29, 2016, by paying all sums owed as a result of the default (then totaling $119,035.86).  *See* Exh. 4.  Akey made no payment by July 29, 2016, and has made no payment since.  *See* Curtis Test.

7.      At hearing, counsel for U.S. Bank represented that his client seeks the following, based upon an accounting prepared by Caliber of all monies due and owing on the Note through January 2, 2017, *see* Exh. 5; Curtis Test.: (i) $205,065.50 in unpaid principal, (ii) $8,488.01 in unpaid escrow,[2] (iii) $49,984.48 in accrued interest for the period from August 1, 2012, to December 1, 2016,[3] (iv) court costs of $410.00, (v) statutory disbursements of $10.72, (vi) title fees of $375.00, (vii) an inspection fee of $120.00, and (viii) late charges totaling $5,189.50.  These sums total $269,643.21.

### III. Proposed Conclusions of Law

1.      "In Maine, foreclosure is a creature of statute[.]"  *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 8, 96 A.3d 700, 704 (citing 14 M.R.S.A. §§ 6101-6325).

2.      "After breach of condition in a mortgage of first priority, the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by a civil action against all parties in interest in either the Superior Court or the District Court in the division in

---

[2] Caliber calculated total past-due escrow costs as $23,627.27.  *See* Exh. 5 at [1], [6].  However, at hearing, counsel for U.S. Bank represented that his client does not seek to recover $15,139.26 of that total, categorized by Caliber as an "Unspecified Balance," which Curtis testified she had been unable to verify.  *See id*. at [6]; Curtis Test.

[3] Caliber also calculated that interest for the period from December 1, 2016, to January 1, 2017, would total $961.24, and interest for the period from January 1, 2017, to January 2, 2017, would total $31.60.  *See* Exh. 5 at [1]; Curtis Test.  However, counsel for U.S. Bank stated at hearing that his client does not seek to recover those sums.

which the mortgaged premises . . . is located[.]" 14 M.R.S.A. § 6321.[4]  "A plaintiff seeking a foreclosure judgment must comply strictly with all steps required by statute." *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708 (citation and internal quotation marks omitted).

3.  "After hearing, the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings." 14 M.R.S.A. § 6322.

4.  A mortgagee must (i) commence its foreclosure action in accordance with the Maine Rules of Civil Procedure, *see id.* § 6321, (ii) establish its standing to sue with respect to both the note and mortgage at issue, *see Greenleaf*, 2014 ME 89, ¶¶ 8-9, 96 A.3d at 704-05, and, (iii) on the merits, establish "eight elements of proof to support a judgment of foreclosure[,]" *id.*, 2014 ME 89, ¶ 18, 96 A.3d at 708.

5.  U.S. Bank commenced the instant foreclosure action in accordance with the Maine Rules of Civil Procedure by filing the instant Complaint and, within 90 days thereafter, filing a return of service indicating that the Summons and Complaint were served by a civil deputy sheriff at Akey's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" Me. R. Civ. P. 3 & 4(c)(2), (d)(1). In an abundance of caution, I also directed U.S. Bank to mail a copy of the Summons and Complaint, along with a copy of the court's November 14, 2016, Notice and Order, to Akey and Tocci, the individual served on her behalf, by

---

[4] The fact that this action was filed in the U.S. District Court rather than the Maine Superior Court or the Maine District Court is of no matter. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and amount in controversy. *See Residential Mortg. Loan Trust 2013-TT2 ex rel. U.S. Bank Nat'l Ass'n*, __ F. Supp.3d __, CIVIL NO. 2:15-CV-466-DBH, 2016 WL 1733434, at *3 (D. Me. Apr. 29, 2016). This suit, which concerns property in Standish, properly was brought at the U.S. District Court in Portland. *See* Local Rule 3(b).

regular first-class mail and to Akey by certified mail, return receipt requested. U.S. Bank complied with that directive.

6.  U.S. Bank, as trustee for LSF9 Master Participation Trust, has standing to enforce the Note by virtue of its possession of the original Note, which contains a blank indorsement. *See Greenleaf*, 2014 ME 89, ¶ 11, 96 A.3d at 706 ("[A]s the possessor of a note indorsed in blank, the Bank provided its status as the holder of the note and therefore enjoys the right to enforce the debt.") (citing 11 M.R.S.A. §§ 1-1201(5), (21)(a) & 3-1301(1)).

7.  U.S. Bank, as trustee for LSF9 Master Participation Trust, has standing to enforce the Note by virtue of Wells Fargo's Assignment of Mortgage dated April 5, 2016.

8.  U.S. Bank meets the eight elements of proof to support a judgment of foreclosure:

    A.  "[T]he existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any[,]" *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: *See generally* Exh. 2 (Mortgage, with book and page number stamped across top of each page); Exhibit A/Schedule A thereto (legal description of property).

    B.  "[P]roperly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage[,]" *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708 (footnote omitted): *See generally* Exhs. 1 (Note), 2 (Mortgage), 3 (Assignment of Mortgage); Curtis Test.

    C.  "[A] breach of condition in the mortgage[,]" *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: This is established not only by Akey's default, *see, e.g., KPS*, 318 F.3d at

19, but also by evidence that Akey has not made a payment on the Note since August 2012, *see* Curtis Test.

    D.    <u>"[T]he amount due on the mortgage note, including any reasonable attorney fees and court costs[,]"</u> *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: U.S. Bank establishes that it is due a total of $269,643.21 on the Note. It has not sought, or established any amounts due, for attorney fees or court costs.[5]

    E.    <u>"[T]he order of priority and any amounts that may be due to other parties in interest, including any public utility easements[,]"</u> *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: U.S. Bank represents that it has first priority and that there are no parties in interest other than Akey, who has second priority.

    F.    <u>"[E]vidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements[,]"</u> *id.*: U.S. Bank establishes that notice of Akey's right to cure her default was properly served by ordinary first-class mail, postage prepaid, postmarked on June 21, 2016. *See* 14 M.R.S.A. § 6111(3)(B); USPS Certificate of Mailing, included in Exh. 4. This is conclusive proof of receipt of the notice on June 24, 2016. *See id.* The notice meets the eight substantive content requirements set forth in section 6111, including the provision of at least 35 days (until July 29, 2016) for Akey to

---

[5] The Proposed Judgment also seeks (i) additional reasonable expenses incurred by U.S. Bank after December 12, 2016, in connection with this action, including the completion of the foreclosure or in connection with a redemption, (ii) additional prejudgment interest accruing on the principal balance after December 12, 2016, pursuant to the Note, (iii) post-judgment interest pursuant to 14 M.R.S.A. § 1602-C, (iv) any amounts advanced by U.S. Bank to protect its mortgage security, and (v) attorney fees, described as "integral to the relief sought[.]" Proposed Judgment at [1]-[2]. I understood U.S. Bank's counsel to have set forth at hearing the entirety of the relief sought by his client, which did not include any of these items. Indeed, as noted above, counsel stated at hearing that his client did not seek prejudgment interest accruing on the Note beyond December 1, 2016. As to post-judgment interest, however, U.S. Bank is entitled to such post-judgment interest in this diversity case; that entitlement derives from 28 U.S.C. § 1961(a). *See Fratus v. Republic W. Ins. Co.*, 147 F.3d 25, 30 & n.5 (1st Cir. 1998) (applying federal law regarding post-judgment interest in diversity case).

cure her default. *Compare* Exh. 4 (Notice of Right To Cure dated June 21, 2016) *with* 14 M.R.S.A. § 6111(1) & (1-A).[6]

  G. "[A]fter January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules[,]" *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: Akey's failure to appear in this matter establishes a default with respect to any rights pursuant to the mediation program.

  H. "[I]f the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act[,]" *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at 708: *See* Exh. 6 (Affidavit Relating to Military Search & exhibits thereto).

9. Accordingly, "a judgment of foreclosure and sale must issue providing that if the mortgagor or the mortgagor's successors, heirs and assigns do not pay the sum that the court adjudges to be due and payable, with interest within the period of redemption, the mortgagee shall proceed with a sale[.]" 14 M.R.S.A. § 6322.

10. Maine law provides that, following a public foreclosure sale, "[a]ny deficiency must be assessed against the mortgagor and an execution must be issued by the court therefor."

---

[6] The eight substantive content requirements are: (i) notice of the mortgagor's right to cure a default, (ii) "[a]n itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default[,]" (iii) "[a]n itemization of any other charges that must be paid in order to cure the default[,]" (iv) "[a] statement that the mortgagor may have options available other than foreclosure, that the mortgagor may discuss available options with the mortgagee, the mortgage servicer or a counselor approved by the United States Department of Housing and Urban Development and that the mortgagor is encouraged to explore available options prior to the end of the right-to-cure period[,]" (v) "[t]he address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee[,]" (vi) "[t]he name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development operating to assist mortgagors in the State to avoid foreclosure;" (vii) "[w]here mediation is available as set forth in [14 M.R.S.A. §] 6321-A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment[,]" and (viii) "[a] statement that the total amount due does not include any amounts that become due after the date of the notice." 14 M.R.S.A. § 6111(1-A).

*Id*. § 6324. However, as discussed above, the Proposed Judgment states that it "only seeks an In Rem Judgment against the property." Proposed Judgment at [2]. I construe this as a waiver of the right to seek any deficiency judgment against Akey following any public foreclosure sale.

## IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Default Judgment Motion as to Count I (Foreclosure) and, consistent with the foregoing, enter a judgment of foreclosure and sale with respect to the Standish Property in the total sum of $269,643.21, plus post-judgment interest in accordance with 28 U.S.C. 1961, and that U.S. Bank be **ORDERED** to show cause, no later than January 10, 2017, why Counts II-V of its Complaint should not be **DISMISSED** as **MOOT**.

I further recommend that the court **DIRECT** that:

1. U.S. Bank is responsible for recording an attested copy of this Judgment and for paying the appropriate recording fees.

2. If Akey, or her heirs or assigns, pay U.S. Bank the amount adjudged due and owing ($269,643.21) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, U.S. Bank shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket.

3. If Akey, or her heirs or assigns, do not pay U.S. Bank the amount adjudged due and owing ($269,643.21) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, her remaining rights to possession of the Standish Property shall terminate, and U.S. Bank shall conduct a public sale of the Standish Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $269,643.21 after deducting the expenses of the sale, with any surplus to Akey, or her heirs or

assigns, in accordance with 14 M.R.S.A. § 6324. U.S. Bank has waived the right to seek any deficiency judgment against Akey personally.

4. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that final judgment has been entered following appeal.

Finally, I recommend that the Judgment include the following provisions required by 14 M.R.S.A. § 2401(3):

1. The names and addresses, if known, of all parties to this action, including counsel of record, as set forth on the ECF Docket.

2. The docket number of this case, No. 2:16-cv-00414-JDL.

3. The finding that Akey, the only party to these proceedings besides U.S. Bank, received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4. A description of the real estate involved (the Standish Property), as set forth in Exhibit A to the Complaint herein.

5. The title "Judgment of Foreclosure and Sale," the street address of the real estate involved, 10 South Ridge Drive, Standish ME, 04084, and the book and page number of the Mortgage, Cumberland County Registry of Deeds Book 26280, Page 320.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 26th day of December, 2016.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
